UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

CHRISTOPHER ABRAMS )

    Plaintiff, )

        )

v. )

        )

TOMAS CABRERA, M.D. )    Cause No. 2:15 CV 19 DDN

        )

    Defendant. )

        )

## ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR TRIAL BY JURY OF DEFENDANT TOMAS CABRERA, M.D.

COMES NOW Defendant Tomas Cabrera, M.D. ("Defendant") by and through his counsel, J. Thaddeus Eckenrode of Eckenrode-Maupin, Attorneys at Law, and answers Plaintiff's Complaint as follows:

## SECTION I - PLACE OF PRESENT CONFINEMENT

Defendant admits that Plaintiff was incarcerated at Northeast Correctional Center at the time he filed this lawsuit.

## SECTION II - PREVIOUS CIVIL ACTIONS

A.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph A of Section II of Plaintiff's Complaint at this time and therefore denies the same.

B.    Defendant is without sufficient information to admit or deny the lack of allegations contained in Paragraph B of Section II of Plaintiff's Complaint at this time, including subparts (B)(1) through (B)(6), and therefore denies the same.

3339.53

## SECTION III – GRIEVANCE PROCEDURES

A.      Defendant admits the allegations in Paragraph A of Section III of Plaintiff's Complaint.

B.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph B of Section III of Plaintiff's Complaint at this time, and therefore denies the same.

C.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph C of Section III of Plaintiff's Complaint at this time, and therefore denies the same.

D.      Defendant is without sufficient information to admit or deny the lack of allegations contained in Paragraph D of Section III of Plaintiff's Complaint at this time, and therefore denies the same.

## SECTION IV - PARTIES TO THIS ACTION

A.      Defendant admits that Plaintiff brought this lawsuit against this Defendant and that Plaintiff resided at the address listed in Paragraph A of Section V of Plaintiff's Complaint at the time this lawsuit was filed.

B.      With regard to the allegations contained in Paragraph B of Section V of Plaintiff's Complaint, Defendant admits that Plaintiff has named Tomas Cabrera, M.D. as the Defendant in this lawsuit. Should the identification of Tomas Cabrera, M.D. as a Defendant, be deemed to require a further response, Plaintiff's allegations are denied.

## SECTION V – COUNSEL

A.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph A of Section V of Plaintiff's Complaint, and therefore denies the same.

B.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph B of Section V of Plaintiff's, and therefore denies the same.

C.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph C of Section V of Plaintiff's Complaint, and therefore denies the same.

D.      Defendant is without sufficient information to admit or deny the lack of allegations contained in Paragraph D of Section V of Plaintiff's Complaint, and therefore denies the same.

E.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph E of Section V of Plaintiff's Complaint, and therefore denies the same.

F.      Defendant is without sufficient information to admit or deny the lack of allegations contained in Paragraph F of Section V of Plaintiff's Complaint, and therefore denies the same.

## SECTION VI - STATEMENT OF CLAIM

### Factual Allegations

1. Defendant denies the allegations contained in Paragraph 1 of Section VI of Plaintiff's Complaint.

3339.53

2.  Defendant denies the allegations contained in Paragraph 2 of Section VI of Plaintiff's Complaint.

3.  Defendant denies the allegations contained in Paragraph 3 of Section VI of Plaintiff's Complaint.

4.  Defendant denies the allegations contained in Paragraph 4 of Section VI of Plaintiff's Complaint.

5.  Defendant denies the allegations contained in Paragraph 5 of Section VI of Plaintiff's Complaint.

6.  Defendant denies the allegations contained in Paragraph 6 of Section VI of Plaintiff's Complaint.

7.  Defendant denies the allegations contained in Paragraph 7 of Section VI of Plaintiff's Complaint.

8.  Defendant admits that the allegations contained in Paragraph 8 of Section VI of Plaintiff's Complaint are an accurate statement of Exhibit A of Plaintiff's Complaint. Defendant is without sufficient information to admit or deny whether this policy is accurate and current. Further responding, Defendant denies violating Corizon policy, or any of Plaintiff's rights, and all other allegations contained in this Paragraph.

9.  Defendant denies the allegations contained in Paragraph 9 of Section VI of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Section VI of Plaintiff's Complaint.

3339.53

11. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

12. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

13. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

14. Defendant admits that he examined Plaintiff and rendered medical care to him. Responding further to the allegations in Paragraph 14 of Section VI of Plaintiff's Complaint, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

3339.53

15. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

16. Defendant denies the allegations contained in Paragraph 16 of Section VI of Plaintiff's Complaint.

17. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

19. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the

specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

20. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

21. Defendant denies the allegations contained in Paragraph 21 of Section VI of Plaintiff's Complaint.

22. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

23. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

24. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

25. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 25 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

26. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 26 of Section VI of Plaintiff's Complaint, and therefore denies the same. Responding further, Plaintiff's medical conditions and the specific treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.

## Legal Claims

27. In response to Paragraph 27 of Section VI of Plaintiff's Complaint, Defendant incorporates by reference his answers to Paragraphs 1 through 26.

28. Defendant denies the allegations contained in Paragraph 28 of Section VI of Plaintiff's Complaint.

## SECTION VII- RELIEF

Defendant denies the allegations of Section VII of Plaintiff's Complaint. Responding further, Defendant specifically denies that he violated any of Plaintiff's rights, or that Plaintiff is entitled to any form of relief.

## SECTION VIII- MONEY DAMAGES

A) Defendant denies that Plaintiff is entitled to actual or punitive monetary damages, or any other form of relief.

B) Defendant denies the allegations contained in Paragraph B of Section VIII of Plaintiff's Complaint. Defendant specifically denies that he violated any of Plaintiff's rights, or that Plaintiff is entitled to monetary damages, or any other form of relief.

To the extent any of the allegations contained in Plaintiff's Complaint are not heretofore admitted, denied, or otherwise answered, Defendant denies any and all remaining allegations in the Complaint.

## SECTION IX

Defendant denies the allegations contained in Section IX of Plaintiff's Complaint.

To the extent any response is deemed necessary to any of the attachments to Plaintiff's Complaint, the allegations contained therein are denied.  Answering further, Defendant states that Plaintiff's medical conditions and the treatment he was provided will be documented in his medical records and Defendant denies any allegations to the extent they conflict with those medical records.  Defendant further denies that he was deliberately indifferent to any serious medical need or that he otherwise violated any of Plaintiff's constitutional rights or any other statutory right.

3339.53

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Tomas Cabrera, M.D., and for his affirmative defenses to Plaintiff's Complaint, state as follows:

1.     Defendant states that maintenance of this cause of action violates Defendant's right to due process.

2.     Defendant states that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Rule 12 (b), Fed. R. Civ. P.

3.     Defendant states that Plaintiff has failed to join all parties under Rule 19.

4.     Defendant states that the Plaintiff's own negligence contributed to the injuries alleged in his Complaint.

5.     Defendant states that Plaintiff's Complaint is frivolous within the meaning of 28 USC § 1915(d) as Plaintiff has no reasonable likelihood of success on the merits.

6.     Defendant states that Defendant is protected from liability and suit by the doctrine of qualified immunity and official immunity.

7.     Defendant submits that the Plaintiff's claims are subject to dismissal as he may not have exhausted all available administrative remedies.

8.     Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of the State of Missouri, including, but not limited to, the following grounds:

(a)     The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section

3339.53

10 of the Missouri Constitution, because the standards employed for awarding and assessing such damages are unconstitutionally vague;

(b)     The submission and recovery of punitive damages by Plaintiff in this case is barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because there are no realistic standards or limits imposed upon the amount and no required relationship between the actual damage sustained and the amount of punitive damages which may be awarded;

(c)     The submission and recovery of punitive damages by Plaintiff in this case is barred by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 2 of the Missouri Constitution, because the vague standards employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct;

(d)     The submission and recovery of punitive damages by Plaintiff in this case is barred by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 19, 3 and 15 of the Missouri Constitution, since the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards to protect Defendant's rights against self-incrimination, the right to proof beyond a reasonable doubt and the right to freedom from unreasonable searches and seizures;

(e)     The submission and recovery of punitive damages by Plaintiff in this case is barred by the Eighth Amendment of the Constitution of the United States and Article I, Section 21 of the Missouri Constitution, because an award of punitive damages would constitute an excessive fine in that under applicable Missouri law, a portion of punitive damages awards are paid to the State of Missouri, thus constituting a penal fine that is excessive and disproportionate to the conduct at issue in this case;

(f)     The award of punitive damages to Plaintiff in this action would constitute a deprivation of Defendant's property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

(g)     The submission and recovery of punitive damages in this case is barred by the due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the Unites States and Article I, Section 10 of the Missouri Constitution, because Plaintiff's claim for punitive damages serves no compensatory function and is not necessary to vindicate the public interest to deter such conduct, or to punish Defendant and deter conduct in the future.

9.     Should it be determined that Plaintiff is entitled to seek punitive damages against Defendant at trial, Defendant demands a bifurcated trial.

10.     Defendant cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

3339.53

11.     Defendant claims reliance on the benefits and provisions of Chapters 537 and 538, RSMo., as amended by House Bill 393 on August 28, 2005, including but not limited to, Sections 537.060, 537.067, 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232, and/or 538.300, as each may pertain to this cause of action.

12.     Defendant did not violate the United States Constitution or any statutory right.

13.     Defendant reserves the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

### Demand for Trial by Jury

Defendant demands a trial by jury.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Tomas Cabrera, M.D. requests this Court dismiss Plaintiff's Complaint at Plaintiff's own cost.

Respectfully Submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
8000 Maryland Ave., Ste. 1300
St. Louis, MO 63105
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendant Tomas Cabrera,*
*M.D.*

3339.53

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 6th day of April, 2015 to the following:

**Rex Bradley**
Rex Bradley Law Firm
2608 Georgia Street
Louisiana, MO 63353
*Attorney for Plaintiff Christopher Abrams*

*/s/ Melissa Kahle* _____

3339.53