UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ABRAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15 CV 19 DDN |
| | ) | |
| | ) | |
| TOMAS V. CABRERA, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

Defendant Tomas Cabrera, M.D., has moved for summary judgment on plaintiff Christopher Abrams' claim of deliberate indifference to his serious medical needs. (ECF Nos. 1, 60). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons below, the court grants defendant's motion for summary judgment.

### I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a Missouri state prisoner, seeks relief under 42 U.S.C. § 1983 against defendant Cabrera in his individual capacity. (ECF No. 1). Plaintiff alleges that the defendant, a prison physician where plaintiff was incarcerated, was deliberately indifferent to plaintiff's serious medical need, in that he failed to treat his mature eye cataract in a timely fashion, which caused irreversible damage to his eye. (*Id.*) Defendant asserts that he provided reasonable medical care and seeks summary judgment on plaintiff's claims. (ECF No. 60). Plaintiff responds that there are genuine issues of fact as to whether Cabrera's actions rose to the level of gross negligence and a deliberate indifference to plaintiff's serious medical need. (ECF No. 65).

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II. LEGAL STANDARD

Summary judgment is proper "if there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770 (8th Cir. 2012). The party moving for summary judgment must show the absence of a genuine issue of material fact on which the non-moving party has the burden of proof and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325-27 (1986). The burden shifts to the non-moving party to demonstrate that disputes of fact do exist. *Id.*

A fact is "material" if it could affect the ultimate disposition of the case, and a factual dispute is "genuine" if there is substantial evidence to support a reasonable jury verdict in favor of the nonmoving party. *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011). The court must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences. *Scott v. Harris*, 550 U.S. 372, 379-80 (2007).

Once the moving party has met its burden "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 380 (quoting *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.* 475 U.S. 574, 586-87 (1986)). The nonmoving party may not rest on the allegations in his pleading alone, but must "present evidence from which a jury might return a verdict in his favor. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). If the nonmoving party fails to proffer substantial evidence of an essential element of a claim, summary judgment is appropriate on that claim because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

## III. UNDISPUTED FACTS

Unless otherwise noted, the following facts are without substantial dispute. Plaintiff Christopher Abrams was incarcerated by the Missouri Department of Corrections ("MDOC") in the Northeast Correctional Center ("NECC") from July 2014 to March 2015. At this time, Corizon was under contract with the State of Missouri to provide medical care and treatment to MDOC inmates. Defendant Tomas Cabrera, M.D., was employed by Corizon as a physician to provide medical care and treatment to inmates at NECC, including plaintiff.

Before July 25, 2014, plaintiff had a history of problems in his right eye, including a hypermature nuclear cataract, amblyopia,[1] and esotropia.[2] Plaintiff had suffered from partial blindness in that eye since at least 1994. An ophthalmologist examined plaintiff in June 2014 and prescribed eyeglasses. On July 25, 2014, plaintiff self-declared a medical emergency and presented himself for medical attention, complaining that his right eye hurt. A prison nurse examined his eye, noting the presence of a small amount of red on the white of his eye and that he could not keep his eye open for very long. Defendant saw plaintiff later on July 25, 2014.

Defendant examined plaintiff's right eye, finding the eyeball was red with increased pressure in it. Defendant determined that plaintiff's signs and symptoms were consistent with eye infections he diagnosed and treated in other patients and diagnosed plaintiff with an eye infection. He accessed plaintiff's medical chart to determine if plaintiff was allergic to antibiotics, then prescribed an antibiotic for the infection, ibuprofen for pain, a return visit to medical the next day if he was not better, and rest from work and recreation for one week. (ECF No. 61 at ¶¶ 17-22).

---

[1] "Poor vision caused by abnormal development of visual areas of the brain in response to abnormal visual stimulation during early development . . . dimness of vision." *Amblyopia*, Stedman's Medical Dictionary (28th ed. 2006). Plaintiff's doctor also called this a "lazy eye." (ECF No. 61, Ex. C at 205).

[2] "The form of strabisumus in which the visual axes converge . . . internal squint." *Esotropia*, Stedman's Medical Dictionary (28th ed. 2006).

Defendant did not work the following two days, so he next saw plaintiff three days later, on July 28. Defendant did not know until that time that plaintiff's right eye had continued to be painful and red with increased pressure. As soon as defendant saw plaintiff's condition, that his right eye had not improved, he consulted with an ophthalmologist by telephone and scheduled to have plaintiff seen the next morning. The ophthalmologist was concerned that plaintiff might have acute narrow-angle glaucoma, but did not order that plaintiff be transported to a local emergency room. (*Id. at* ¶¶ 28-35).

The next day, ophthalmologist Bradley Talley, M.D., saw plaintiff and diagnosed acute glaucoma of the right eye. He prescribed eye drops and Diamiox, advised plaintiff cataract surgery might be necessary, and instructed plaintiff to return in two days. (ECF No. 61-3 at 108). Plaintiff eventually underwent cataract surgery in September 2014 and continued to receive treatment for his right eye at least seven times over the next eight months. In March 2015, plaintiff saw a neuro-ophthalmologist who noted that plaintiff complained of double vision and blurry vision, and his right eye had possible chronic angle closure, decompensated esotropia, and monocular double vision. (*Id. at* 129-31).

Defendant asserts that no one advised him before July 28, 2014, that plaintiff had a cataract. Defendant customarily enters a patient's complaints in the patient's medical chart, and there was no entry of a complaint of a cataract. Defendant attested that:

> Had I been advised on July 25, 2014 that Offender Abrams had a mature cataract, I would still have treated him for an eye infection because:
>
> a. In my experience, such symptoms as those with which Offender Abrams presented are consistent with eye infections 90 percent of the time; and
>
> b. I previously treated patients who had infections in the same eye as mature cataracts.

(ECF No. 61, Ex. 1, ¶ 23).

### III. DISCUSSION

In a prisoner's judicial action under 42 U.S.C. § 1983 against a prison official for deliberate indifference to the prisoner's serious medical need, under the Eighth

4

Amendment's prohibition of cruel and unusual punishment, the prisoner must prove (1) he suffered from an objectively serious medical need; (2) the defendant knew of the condition; and (3) the defendant deliberately disregarded the condition. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). "The failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Coleman v. Rahija*, 114 F.3d 778, 786 (8th Cir. 1997) (quoting *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996).

First, as to the objective element of the serious medical need, when an inmate alleges that delay in treatment is the constitutional deprivation, as plaintiff alleges here, "the objective seriousness of the deprivation should also be measured by reference to the *effect* of delay in treatment." *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005). To withstand a motion for summary judgment, an inmate must make "a showing of verifying medical evidence that the defendants ignored an acute or escalating situation or that delays adversely affected the prognosis given the type of injury." *Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997). To the extent defendant has produced plaintiff's medical records, there is sufficient evidence that plaintiff was in an acute or escalating situation. (ECF No. 61, Ex. C at 201-211). But there is no evidence that the delay between Friday and Monday in plaintiff's treatment had any adverse effect on his prognosis. Plaintiff's examining ophthalmologist, who diagnosed plaintiff with acute glaucoma, testified that acute glaucoma is an emergency condition that requires immediate treatment to avoid damage to the eye, but "just because you have a high eye pressure doesn't mean you go on to lose vision," and he was unable to speculate that the delay in plaintiff's treatment caused any vision loss. (ECF No. 61, Ex. F at 33). Moreover, there is evidence that plaintiff has been partially blind in that eye since 1994.

Even assuming that the delay damaged his eye, however, there is no evidence in the record to support the subjective element of plaintiff's Eighth Amendment claim. A defendant's knowledge of an inmate's serious medical need may be inferred from

5

circumstantial evidence "or from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Hankins v. Russell*, 2016 WL 5689892 at *9 (E.D. Mo. Oct. 3, 2016). According to the uncontroverted material facts in this case, defendant was not aware that plaintiff had a mature cataract in his right eye, so he treated it like he would a typical eye infection. Plaintiff counters that two people informed defendant of plaintiff's condition on the date of the initial examination: (1) plaintiff himself told defendant he had previously been diagnosed with a cataract and (2) the nurse informed defendant that plaintiff's medical records contained a cataract diagnosis. But defendant attested that, even if he had known there was a cataract in that eye, he would have pursued the same course of treatment, because he had previously treated patients who had infections in the same eyes as mature cataracts, and the symptoms plaintiff complained of were consistent with an eye infection. (ECF No. 61, Ex. 1).

The Eighth Circuit has stated that deliberate indifference is "more blameworthy" than negligence or even gross negligence and is "equivalent to criminal-law recklessness." *Schaub*, 638 F.3d at 914-15; *Fourte v. Faulkner Cty., Ark.,* 746 F.3d 384, 387 (8th Cir. 2014). Deliberate indifference "requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (citation omitted). A medical decision not to order a particular course of treatment or testing does not represent deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Likewise, mere displeasure with a course of medical treatment is not sufficient to rise to a constitutional violation. *Kitchen v. Miller*, 343 F.Supp.2d 820, 823 (E.D. Mo. 2004).

Upon review of the record now before the court, and taking the facts in the light most favorable to plaintiff, no reasonable juror could find that defendant was deliberately indifferent to plaintiff's serious medical needs. Defendant has asserted that eye infections can occur in eyes with cataracts and that even if he knew plaintiff had a cataract he would still have treated the eye as infected. As a matter of law, this is not deliberate indifference. Physicians are entitled to exercise their medical judgment. *Dulany*, 132 F.3d at 1239; *Meuir v. Greene Cty. Jail Employees,* 487 F.3d 1115, 1118 (8th Cir. 2007). Plaintiff

received prompt treatment when he went to the doctor, received prompt follow-up treatment as soon as it was apparent the first course of treatment was not effective, and has not produced any evidence that the three-day delay caused by treating the more common ailment reflected by his complaints was the result of deliberate indifference on defendant's part.

Because all the essential elements of plaintiff's Eighth Amendment claims cannot be established, defendant's motion for summary judgment is **GRANTED.**

An appropriate Judgment Order is issued herewith.

/S/  David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 28, 2017.